UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH GREENLEAF UNDERWOOD,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>Defendant. | No. 2:16-cv-02280 AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[2]

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on March 25, 2018). She is therefore substituted as the defendant in this action. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of (continued…)
1

For the reasons that follow, the court will grant plaintiff's motion for summary judgment, and deny the Commissioner's cross-motion for summary judgment.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits and for supplemental security income on August 29, 2012. Administrative Record ("AR") 13.[3] The disability onset date for both applications was alleged to be September 30, 2010. Id. The applications were disapproved initially and on reconsideration. Id. On October 27, 2014, Administrative Law Judge ("ALJ") Peter Belli presided over the hearing on plaintiff's challenge to the disapprovals. AR 33-91 (transcript). Plaintiff, who was present and testified at the hearing, was represented by attorney Steven Valazon. AR 33. Gregory Jones, a Vocational Expert ("VE"), also testified at the hearing. Id.

On February 3, 2015, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 13-26 (decision), 27-32 (exhibit list). On July 18, 2016, after receiving counsel's "letter of contentions" and supplemental records from Pulmonary Medicine Associates as additional exhibits, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-4 (decision), 5 (exhibit list).

Plaintiff filed this action on September 26, 2016. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 9. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 15 (plaintiff's summary judgment motion), 18 (Commissioner's summary judgment motion), 19 (plaintiff's reply).

---

Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 et seq., is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

[3] The AR is electronically filed at ECF Nos. 12-3 to 12-22 (AR 1 to AR 1422).

## II. FACTUAL BACKGROUND

Plaintiff was born on November 2, 1964, and accordingly was 45 years old on the alleged disability onset date, making her a "younger person" under the regulations. AR 25; see 20 C.F.R §§ 404.1563(c), 416.963(c) (same). Plaintiff has a high school education, and can communicate in English. AR 25.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.")

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the

ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt.

4

404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since September 30, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)
>
> 3. [Step 2] The claimant has the following severe impairments: COPD, bipolar II disorder, and anxiety disorder NOS (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that the claimant can receive,

understand, and carry out only simple job instructions. The claimant can do detailed and complex work instructions. The claimant is limited to occasional interaction with the general public and frequent interaction with supervisors and co-workers. The claimant can make adjustments to simple changes in the workplace and make simple workplace judgments. The claimant is limited to occasional exposure to dust, fumes, odors, and gases.

6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. [Step 5] The claimant was born on November 2, 1964 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404. 1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 30, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 15-26.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 26.

## VI. ANALYSIS

Plaintiff raises the following issues: (1) "whether the ALJ gave legally adequate reasons for rejecting" the medical opinion evidence; (2) whether the ALJ's mental and physical "residual functional capacity finding is based on insubstantial evidence and legal error;" (3) "whether the ALJ failed to give clear and convincing reasons for rejecting plaintiff's testimony;" and

(4) "whether the ALJ's failure to give any reasons for rejected testimony of Plaintiff's mother is prejudicial legal error." ECF No. 15 at 22-23.

      A.  <u>The Medical Evidence Before the ALJ</u>

The Ninth Circuit distinguishes "among the opinions of three types of physicians: (1) those who treat the claimant (treating physician); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996). Accordingly, "the opinion of a treating physician must be given more weight than the opinion of an examining physician, and the opinion of an examining physician must be afforded more weight than the opinion of a reviewing physician." <u>Ghanim v. Colvin</u>, 763 F.3d 1154, 1160 (9th Cir. 2014) (citing <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(c)). If a treating physician's opinion is not contradicted by another doctor, it may only be rejected for clear and convincing reasons supported by substantial evidence. <u>Orn</u>, 495 F.3d at 632 (quoting <u>Reddick v. Chater</u>, 157 F.3d 715, 725 (9th Cir. 1998)). Even if the treating physician's opinion is contradicted by another doctor, it may not be rejected unless the ALJ provides specific and legitimate reasons supported by substantial evidence. <u>Id.</u> (quoting <u>Reddick</u>, 157 F.3d at 725). In general, "conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987) (citation omitted).

In this case, the ALJ considered the opinions of seven health professionals. The ALJ gave "significant weight" to the State Agency's non-examining physician H. Jone, M.D., and psychiatrist Mark Berkowitz, Psy.D., on the grounds that the opinions were offered by recognized agency experts and were consistent with the plaintiff's complaints, treatments and activities of daily living. AR 24-25. The ALJ rejected the opinions of treating physicians, Jaspreet Mann, M.D. and Ian Johnson, M.D., examining physician Sanford Selcon, M.D., and treating psychiatrists, Christine I. Osterhout, M.D. and Russell Lim, M.D. AR 23-24.

7

Plaintiff argues that the ALJ erred in considering the medical evidence by failing to articulate specific and legitimate reasons for rejecting (1) plaintiff's treating physicians, Dr. Mann and Dr. Johnson; (2) consultative examining physician, Dr. Selcon; and (3) plaintiff's treating psychiatrists, Dr. Osterhout and Dr. Lim. Plaintiff also argues the ALJ erred in failing to give "explicit reasons" for rejecting "other psychiatric opinions" in the medical record. ECF No. 15 at 21-34. Plaintiff requests that the treating physicians and the treating psychiatrists' opinions be credited as true, and that plaintiff be awarded benefits. Because the court finds that reversal and remand for an immediate award of benefits is appropriate on grounds that the ALJ erroneously evaluated the opinions of plaintiff's treating psychiatrists, only this argument is addressed here.

### 1. Christine I. Osterhout, M.D., Treating Psychiatrist

Dr. Osterhout began treating plaintiff for mental health services on January 17, 2013. AR 1098. Treatment notes dated April 15, 2013, note plaintiff saw Dr. Osterhout for things "not going great." AR 1190. During this appointment, Dr. Osterhout observed plaintiff was "flustered," but "less fidgety today," "[m]ood [was] dysphoric and anxious," speech was "spontaneous and coherent" and noted that plaintiff "focused on her physical health and feeling down lately." AR 1190. Dr. Osterhout's assessed plaintiff with Major Depressive Disorder and anxiety, "diagnosed in March 2012 with Bipolar, mixed who reportedly has not had good control over her symptoms with medications. She likely has a mood disorder with bipolar diathesis, most likely Bipolar II. Despite difficulty with diagnostic clarification, affective instability is evident and may also be compounded by borderline traits." AR 1190. Dr. Osterhout further noted that although plaintiff was getting better sleep with medication, she "continues to be depressed."

////
////
////
////
////

AR 1190.  Plaintiff's prescription for Wellbutrin XL[4] was continued, Trazodone and Lamictal[5] were increased, and Ativan was prescribed due to "heightened anxiety."  AR 1190.

On May 16, 2013, Dr. Osterhout observed plaintiff was "more calm and relaxed than usual," however mood was "still dysphoric and anxious."  AR 1188.  Dr. Osterhout noted plaintiff was "less fidgety," "speech was spontaneous and coherent" and that plaintiff "focused on physical health and working towards change."  AR 1188.  Dr. Osterhout assessed plaintiff with Major Depressive Disorder and anxiety, "likely [having] a mood disorder with bipolar diathesis, most likely Bipolar II."  AR 1188.  Dr. Osterhout further opined "[d]espite difficulty with diagnostic clarification, affective instability is evident and may also be compounded by borderline traits vs. PD."  AR 1188.  Dr. Osterhout decreased plaintiff's prescription of Lamictal due to side effects and continued plaintiff's psychiatric medications.  AR 1188-1189.  On the same day, Dr. Osterhout wrote a letter stated, in relevant part, that "[plaintiff] wishes me to disclose her diagnoses and make an assessment on whether or not I feel she can currently work.  Her current diagnoses include Bipolar II Disorder and Anxiety Disorder, not otherwise specified.  It is my opinion that she cannot currently work given her ongoing symptoms."  AR 1098.

Treatment notes dated June 23, 2013, note Dr. Osterhout observed plaintiff was "cooperative," "[l]ess fidgety today," '[m]ood [was] still dysphoric and anxious, affect congruent, often tearful, but improved modulation," '[s]peech [was] spontaneous and coherent" and that plaintiff "focused on her physical health, and working towards change, but feeling chronically disappointed and lonely."  AR 1186.  Dr. Osterhout assessed plaintiff with Major Depressive Disorder and anxiety, "likely has a mood disorder with bipolar diathesis, most likely Bipolar II.  Despite difficulty with diagnostic clarification, affective instability is evident and may also be

---

[4] Welbutrin XL and Trazodone are used to treat depression.  See https://www.webmd.com/drugs/2/drug-76851/wellbutrin-xl-oral/details (last visited by the court on March 26, 2018; see also https://www.webmd.com/drugs/2/drug-11188-89/trazodone-oral/trazodone-oral/details (last visited by the court on March 26, 2018).

[5] Lamictal (interchangeably Lamotrigine) may be used to "help prevent the extreme mood swings of bipolar disorder in adults."  See https://www.webmd.com/drugs/2/drug-8486-7217/lamictal-oral/lamotrigine-oral/details (last visited by the court on March 26, 2018).

compounded by borderline traits vs. PD." AR 1186. Dr. Osterhout continued plaintiff's psychiatric medications. AR 1186-1187.

The ALJ gave the opinion "very little weight" on the grounds that "[t]he decision as to disability is one reserved to the commissioner. The opinion does not contain objective support and is conclusory." AR 23. The court finds the ALJ erred. "Although the ALJ is not bound by an expert medical opinion on the ultimate question of disability, [he] must provide 'specific and legitimate' reasons for rejecting the opinion of a treating physician." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing Lester, 81 F.3d at 830–31.) This burden is met when the ALJ provides "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Tommasetti, 533 F.3d at 1041 (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989)). Here, the ALJ did not meet his burden. Accordingly, the court finds the ALJ has failed to provide specific and legitimate reasons for rejecting Dr. Osterhout's opinion.

2. Russell Lim, M.D., Treating Psychiatrist

Dr. Lim began treating plaintiff on August 9, 2013. AR 1385. On December 6, 2013, Dr. Lim wrote a letter stating:

> [Plaintiff] is a patient under my care. She has been a patient here from 4/25/12. She has a diagnosis of Bipolar II and Chronic Obstructive Pulmonary Disease which is oxygen dependent. She still has mood swings, and is frequently SOB without her oxygen after walking a few steps. Her mood is a 6-7. She sleeps 8 hours of broken sleep. She suffers from anxiety about being able to take care of her affairs. She has poor memory and concentration. She also suffers from chronic fatigue.
>
> Her medications include [Effexor XR, Lamotrigine, Trazodone, Wellbutrin XL, Ativan, Prilosec, Claritin, Benadry, Zyflo, Albuterol pm, Nebulizer, Qvar, Spiriva, Seravent]. No changes in her medical medications. I feel that [plaintiff] meets criteria for disability, as she has a very low exercise capacity, can work for only about 15 minutes with oxygen and can walk only a few steps without her oxygen. Even then her concentration and memory remain poor, and she has little energy.

AR 1321.

In subsequent treatment notes from January 17, 2014 to May 23, 2014, Dr. Lim consistently assessed plaintiff with Bipolar Affective Disorder II, Major Depressive Disorder, and

Anxiety and noted "despite difficulty with diagnostic clarification, affective instability is evident and may also be compounded by borderline traits vs. PD." AR 1369 (treatment notes from January 17, 2014); 1371 (treatment notes from February 28, 2014); 1375 (treatment notes from April 10, 2014); 1377-1381 (treatment notes from March 23, 2014).

In a "Medical Assessment of Ability to Do Work Related Activities (Mental)" dated March 23, 2014, Dr. Lim opined, in relevant part, that plaintiff's diagnosis of Bipolar Affective Disorder II, Major Depressive Disorder and Post Traumatic Stress Disorder had the following impairments: "Marked"[6] impairments in plaintiff's ability to "relate to co-workers," "deal with the public," "deal with work stresses," "maintain attention/concentration," and "understand, remember, and carry out detailed complex job instructions;" "Moderate"[7] impairments relating to "interact[ing] with supervisor(s)," "understand, remember and carry out simple instructions," "behave in an emotionally stable manner," and "relate predictably in social situations. AR 1386-1387. Dr. Lim further opined that plaintiff's symptoms would "likely to increase in a competitive work environment," plaintiff would be "incapable of even low stress" at work, and that she would likely be absent from work "more than three times a month." AR 1387.

The ALJ gave the opinion "very little weight." The ALJ rejected[8] Dr. Lim's assessment dated March 23, 2014, based on the following: "First, Dr. Lim's opinion is poorly supported with no objective findings. Second, Dr. Lim's opinion is inconsistent with the claimant's activities of daily living. For example, Dr. Lim opined that the claimant would have a marked limitation in her ability to deal with the public and supervisors yet the record reveals that the claimant is

////

---

[6] "Marked" is defined as "[i]mpairment levels preclude useful functioning." AR 1286

[7] "Moderate" is defined as "[i] Impairment levels are compatible with some, but not all, useful functioning." AR 1386.

[8] The ALJ separately rejected Dr. Lim's December 6, 2013 letter on the basis that Dr. Lim did not treat plaintiff's physical symptoms and the opinion did not contain objective evidence. AR 24. However, plaintiff does not dispute the weight given to this and therefore the court will not address it here.

11

actively engaged in social groups such as the COPD foundation and various peer support groups." AR 24. The court finds the ALJ erred.

First, substantial evidence in the medical record supports Dr. Lim's opinion. The treatment records indicate plaintiff regularly experienced "little motivation," "sadness," and "bad days." AR 1369, 1371, 1375, 1377. These reports are consistent with plaintiff's psychopharmacological treatment for her mental impairments. Finally, the ALJ's description of plaintiff's engagement in social groups mischaracterizes the record. At the hearing, plaintiff testified that she participates in the COPD Foundation; however it is through the internet, once a month for five minutes only. AR 56. Moreover, plaintiff's attendance in "weekly Bipolar/Depression Support Group and the weekly Whole Health Group," and "once or twice a month for peer counseling" was consistent with her treatment plan for her Bipolar II Disorder and is not inconsistent with Dr. Lim's opinion that plaintiff has marked limitations in plaintiff's capability to deal with the public and supervisors. AR 1311. See Cha Yang v. Comm'r of Soc. Sec. Admin., 488 F. App'x 203, 206 (9th Cir. 2012) ("A willingness to try to engage in rehabilitative activity and a release by one's doctor to engage in such an attempt is clearly not probative of a present ability to engage in such activity.") (internal quotations and citation omitted). Accordingly, the ALJ has failed to provide specific and legitimate reasons for rejecting Dr. Lim's opinion.

For the reasons noted above, the ALJ improperly discounted Dr. Osterhout's and Dr. Lim's opinions and reversal on this point is warranted.

B. Harmless Error Analysis

As discussed, the ALJ erred in rejecting Dr. Osterhout's and Dr. Lim's opinions and that error was not harmless. Accordingly, the court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2000).

More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Benecke, 379 F.3d at 593 (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000)).

Under the second step in the remand analysis,[9] the court must "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2016) (quoting Treichler, 775 F.3d at 1101). Under the third step in this analysis, the court should remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal quotation marks omitted).

In this case, if Dr. Lim's opinion was credited as true,[10] plaintiff would necessarily be found disabled under the applicable regulations. Specifically, Dr. Lim opined that plaintiff would "likely be absent from work" "more than three times a month." AR 1387. When plaintiff's limitations, particularly including Dr. Lim's limitation, was put to the VE at the hearing, the VE testified that plaintiff would not "be capable of performing any jobs within the national economy at the competitive level." AR 86. Because the VE found that no jobs were available to plaintiff under the hypothetical incorporating Dr. Lim's opinion, plaintiff is disabled under the Act.

////

---

[9] As discussed above, the first step is satisfied because the ALJ failed to provide legally sufficient reasons for rejecting Dr. Osterhout's and Dr. Lim's opinions.

[10] Dr. Osterhout's opinion fails to provide specific limitations based on plaintiff's diagnosis, and was not presented to the VE in a hypothetical. Accordingly, acceptance of Dr. Osterhout's opinion, without more, would not compel a finding of disability. Because Dr. Lim's opinion sufficiently demonstrates plaintiff is disabled, the court will only address Dr. Lim's opinion in the following steps.

Where the above steps are satisfied, this court must exercise its discretion in determining whether to remand for further proceedings, or for the immediate calculation and award of benefits. Dominguez, 808 F.3d at 407 (if disability finding would necessarily follow if discredited evidence were credited as true, "the district court may exercise its discretion to remand the case for an award of benefits"). If, despite satisfying the above steps, the "record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act," the court should remand for further proceedings. Burrell, 775 F.3d at 1141 (quoting Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014)). However, the court would be "abus[ing] its discretion by remanding for further proceedings where the credit-as-true rule is satisfied and the record afforded no reason to believe that [the plaintiff] is not, in fact, disabled." Garrison, 759 F.3d at 1021.

Here, the record leaves no doubt that the plaintiff is disabled within the meaning of the Act. The VE was provided a hypothetical by plaintiff's attorney that included the limitation of plaintiff missing work more than three times a month. AR 86. Based on this hypothetical, the VE concluded that plaintiff was prevented from maintaining full-time employment. Accordingly, the court finds that plaintiff is disabled within the meaning of the Act and no further fact finding is necessary.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18), is DENIED;

3. This matter is REVERSED and REMANDED to the Commissioner for an immediate award of benefits; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: March 27, 2018.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE